UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| **PRENTISS PHILLIPS,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | No. | **3:14-CV-00340** |
| | ) | | **REEVES/GUYTON** |
| **RICKEY BUNCH, MICHAEL** | ) | | |
| **PARRIS, and JANE DOE,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. The Court has dismissed all Defendants except Defendants Bunch, Parris, and Doe [Docs. 41 and 45]. Now before the Court is a motion for entry of final judgment filed by former Defendants Cook, Garrett, Manis, and Sexton [Doc. 46]. For the reasons set forth below, this motion for entry of final judgment [Doc. 46] will be **GRANTED** to the extent that the Court finds Defendant Doe should be dismissed and that the claims against Defendants Bunch and Parris fail to state a claim upon which relief may be granted under § 1983. This action will therefore be **DISMISSED**.

### I. Defendant Jane Doe

Plaintiff has not attempted to amend his complaint to name a specific individual as the nurse he named in this action as Defendant Jane Doe. As such, Plaintiff's claims against Defendant Jane Doe will be **DISMISSED WITH PREJDUCE**. *See Cross v. City of Detroit*, No. 06-11825, 2008 WL 2858407, at *1 (E.D. Mich. July 23, 2008) (dismissing *sua sponte* and with prejudice the plaintiff's civil rights violation claim against a police officer the plaintiff had named as John Doe because the plaintiff "did not seek leave to amend the Complaint to name the John Doe defendant prior to the expiration of the statute of limitations"); *see also Smith v. City of Akron*, 476

F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when, like here, plaintiff "simply did not know whom to sue or opted not to find out within the limitations period").

## II. Defendants Bunch and Parris

The Court will now screen the allegations of the complaint as they relate to Defendants Bunch and Parris, as they are the only remaining Defendants.

### A. Screening Standard

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive screening, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of the Complaint

As to Defendant Bunch, Plaintiff alleges that he and others came to his cell to see how many bottles of shampoo Plaintiff had and that Defendant Bunch inquired about Plaintiff's medications and ordered someone to take the medications and make sure Plaintiff was supposed to have them [Doc. 2 p. 6]. Plaintiff also asserts that he later told Defendant Bunch that he had been sick without his medications and that Defendant Bunch informed Plaintiff that his medications had been stopped due to an allegation that Plaintiff had "snatched" his medicated shampoo from nurse Jane Doe [*Id.* at 7].

As to Defendant Parris, Plaintiff alleges that he wrote to Defendant Parris about the denial of his medications and that Defendant Parris said that he was leaving for another job and that there was nothing that he could do [*Id.* at 6–7].

### C. Legal Analysis

Nothing in the complaint allows the Court to plausibly infer that the actions of Defendants Bunch and/or Parris violated Plaintiff's constitutional rights. As set forth above, Plaintiff's complaint alleges that Defendant Bunch had Plaintiff's medications seized to verify that Plaintiff was supposed to have them. Nothing in the complaint suggests that Defendant Bunch was responsible for Plaintiff not getting his medications back after a determination was made as to whether Plaintiff was supposed to have them.[1] Rather, Plaintiff attempts to hold Defendant Bunch liable for the fact that Plaintiff was not given back his medications because Plaintiff later told Defendant Bunch that he needed those medications and had not gotten them back. Similarly,

---

[1] To the contrary, Plaintiff's complaint suggests that other individuals were responsible for Plaintiff not getting those medications back [Doc. 2 p. 8]

Plaintiff alleges that Defendant Parris failed to intervene to get Plaintiff's medications back to him after Plaintiff requested that he do so.

In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well settled that a plaintiff must allege a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Accordingly, Plaintiff's claims against these Defendants are not cognizable under § 1983 and this action will be **DISMISSED**.

### D. Conclusion

For the reasons set forth above, Defendant Doe is **DISMISSED**. Further, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendants Bunch and Parris and they will be **DISMISSED**. As no claims remain, this action will therefore be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**